[No. 1360.]
HAMILTON ET AL. v. FOWLER.

APPEAL—PROBATE MATTERS—FINAL JUDGMENT.
Under sec. 3, Laws, 1891, page 109, the district court has jurisdiction to review the action of the county court in probate matters without regard to the finality of such order or judgment, but no appeal lies from the decision of the district court to the court of appeals unless the action of the county court appealed from was a final judgment.

*Appeal from the District Court of Arapahoe County.*

Mr. S. A. OSBORN, for appellants.

Mr. W. J. WEEBER, for appellee.

WILSON, J., delivered the opinion of the court.

Hannah Hamilton, one of appellants, as administratrix of the estate of Robert J. Hamilton, deceased, in the course of the administration presented to the county court a report, which was, however, not a final report. The appellee, as one of the creditors of the estate, under a claim duly allowed, filed objections to numerous items of the report. Upon hearing in the county court, some of the objections were sustained, and others were overruled. From these rulings of the county court, the creditor then appealed to the district court. Upon hearing in this court, the ruling of the county court upon the objections to the report were affirmed in some instances, and in some reversed. From these rulings, the administratrix and Jessie T. Hamilton, another creditor of the estate, took an appeal to this court. How Jessie T. Hamilton became a party such as to entitle her to appeal, we are unable to determine from the record. It is claimed that the rulings of the court as to some of the objections to the report had a bearing upon the status of her claim against the estate, but if such were the case, its connection was indirect, and certainly we can find no final judgment which could by any possibility affect it.

This case comes within the rule laid down by this court in *Clemes v. Fox*, 6 Colo. App. 378. The whole question of the right of appeal in probate matters is there most ably discussed in an exhaustive manner. Under the rule there laid down, this court is without jurisdiction in the case at bar. The report to which objections were made was not a final one, and no action was had by the district court whence this appeal comes which was in its nature final or which can be construed to be a final judgment.

The decision and rulings of the county court from which

the appeal was taken to the district court were not final. The latter court, however, had jurisdiction to review such decisions, regardless of their finality, they having been rendered in probate matters.   Laws, 1891, p. 109, sec. 3.   The statute however made no provision for appeal in such cases from the decision of the district court.   As to that, the law remained unchanged.   The decision or judgment must be final before an appeal would lie.

Objections to some credits claimed by the administratrix were allowed, and some were disallowed, but no action was taken which would preclude, so far as we can see, these matters being considered in connection with some subsequent report or at some other stage of the administration.   It is claimed that the right to priority of payment as between certain claims allowed, was finally adjudicated, and it is upon this theory, we presume, that the case is brought here.   We are unable to discover, however, from the imperfect record presented, any foundation for such claim.   It is unnecessary for us to repeat at length the views expressed by the court in the case cited in reference to appeals in probate matters. Enough of the facts of this case are given to show that for the reasons there given, this court is without jurisdiction to entertain the appeal.   The appeal will therefore be dismissed.

*Dismissed.*